UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES RIVER INSURANCE COMPANY,

Plaintiff,

v.

NABILA BENABDALLAH, et al.,

Defendants.

CASE NO. 2:23-CV-01385-LK

ORDER TO SHOW CAUSE

This matter comes before the Court sua sponte. Plaintiff James River Insurance Company fails to adequately plead the citizenships of The Douglas, LP and FPI Management, Inc. for purposes of diversity jurisdiction. It must accordingly show cause why the Court should not dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## I. BACKGROUND

Plaintiff insured Douglas LP and FPI Management under a general liability policy effective November 1, 2020 to November 1, 2021. Dkt. No. 1 at 2–3. As relevant here, Plaintiff promised under the Policy to "pay those sums that the insured becomes legally obligated to pay as damages

because of 'bodily injury' or 'property damage' to which this insurance applies." *Id.* at 5. This includes "the right and duty to defend the insured against any 'suit' seeking those damages." *Id.* The Policy, however, indicates that Plaintiff "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." *Id.*; *see also id.* at 15 ("Where there is no coverage under this policy, there is no duty to defend."). The Policy contains a general aggregate limit of $2 million and a per-occurrence limit of $1 million. *Id.* at 3.

Pursuant to an October 2017 contract with Douglas LP, FPI Management agreed to serve as the exclusive managing agent for The Douglas Apartments in Lynnwood, Washington. *Id.* at 3. Nabila Benabdallah lived in a unit at these apartments between February 2017 and May 2021. *Id.* She allegedly sustained injuries as a result of toxic mold growth in her unit and, in August 2021, sued Douglas LP, FPI Management, and Teresa and John Doe San Diego in state court for breach of contract, breach of the covenant of quiet enjoyment, negligent misrepresentation, and violations of Washington's Residential Landlord Tenant Act. *Id.* at 3–4. Plaintiff accepted defense of Douglas LP and FPI Management in November 2021 but fully reserved its rights under the Policy. *Id.* at 4.

Nearly two years later, Plaintiff filed this action in federal district court seeking a declaratory judgment that it does not have a duty to (1) defend Douglas LP or FPI Management in the underlying Benabdallah suit or (2) indemnify them for damages in that litigation. *Id.* at 1, 18–19.

## II. DISCUSSION

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power

to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). And because "[f]ederal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), they are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Coleville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). The party asserting jurisdiction has the burden of establishing it. *United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

Relevant here is 28 U.S.C. § 1332(a)(1), which grants district courts original jurisdiction when the amount in controversy exceeds $75,000 and the action is between citizens of different states. Section 1332(a)(1) requires complete diversity; that is, each plaintiff must be a citizen of a different state than each of the defendants. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). Plaintiff is a citizen of Ohio and Virginia. Dkt. No. 1 at 2. However, its allegations with respect to the citizenship of FPI Management and Douglas FP are deficient.

A corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Plaintiff asserts only that FPI Management is "a foreign profit corporation conducting business in several Washington counties[.]" *Id.* This says nothing of FPI Management's state of incorporation or principal place of business.

With respect to Douglas LP, Plaintiff contends only that it is "a partnership organized in the State of Washington[.]" *Id.* But a partnership has the citizenships of all of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to properly plead Douglas LP's citizenship, Plaintiff must allege "the citizenship of all of the partnership's general

partners and limited partners." *Asana Partners Fund II Reit 14 LLC v. Heath Fam. I LLC*, No. C20-1034-JCC, 2020 WL 7241449, at *3 (W.D. Wash. Dec. 9, 2020) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192–96 (1990)).

Plaintiff must therefore supplement its allegations with respect to the citizenships of Douglas LP and FPI Management.[1]

## III. CONCLUSION

The Court ORDERS Plaintiff to show cause, within 10 days, why the Court should not dismiss this case for lack of subject matter jurisdiction. Its response may not exceed 700 words. The Court will dismiss this action without prejudice absent a timely response from Plaintiff.

Dated this 19th day of September, 2023.

Lauren King
United States District Judge

[1] The Court is not concerned with the citizenships of Benabdallah or the San Diegos. Plaintiff alleges, upon information and belief, that they are citizens of Washington. Dkt. No. 1 at 2. That is sufficient at this stage. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (allegations of citizenship may be based on information and belief, and a short and plain statement alleging that a party is a citizen of a certain state is sufficient); *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014) ("[W]hen information regarding a defendant that is necessary to establish diversity of citizenship is not reasonably available to a plaintiff, the plaintiff should be permitted to plead jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting specific details regarding the citizenship of those defendants."). The Court emphasizes, however, the distinction between residence and domicile in light of Plaintiff's allegations that Benabdallah and the San Diegos "reside" in Washington. Dkt. No. 1 at 2. Although an individual's current residence is a factor relevant to the domicile inquiry, *see Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986), residence is not synonymous with domicile, *see Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).